**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| 1500 Range Way Partners, LLC, | ) | |
| | ) | C.A. No. 4:09-cv-01467-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JPMorgan Chase Bank, National | ) | |
| Association, as Successor in Interest to | ) | |
| Washington Mutual Bank, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Federal Deposit Insurance Corporation, | ) | |
| as Receiver for Washington Mutual Bank, | ) | |
| | ) | |
| Intervenor. | ) | |
| _____ | ) | |

This matter is before the court on Intervenor Federal Deposit Insurance Corporation's ("FDIC")

Motion to Dismiss [Doc. 42] Plaintiff 1500 Range Way Partners, LLC's ("Range Way") Complaint in

its entirety. The FDIC's motion is made under Rules 12(b)(1) and 12(b)(6), Fed R. Civ. Proc., on the

grounds that: 1) Range Way failed to exhaust administrative procedures for asserting claims against the

FDIC as set forth in  the Financial Institutions Reform, Recovery and Enforcement Act of 1989

("FIRREA"), 12 U.S.C. §1821(d); 2) Range Way lacks standing to assert claims arising out of the

Purchase and Assumption Agreement ("PAA") between the FDIC and JPMorgan Chase Bank, National

Association ("JPMorgan") because Range Way is not a party or third-party beneficiary to the PAA; and

3) Range Way cannot state a claim for relief because the PAA allows the FDIC to repudiate the lease at

issue.  After a thorough review of the memoranda and other documentation in the record, the court grants

the FDIC's Motion to Dismiss.

## FACTUAL BACKGROUND

On or about April 19, 2007, Range Way entered into a lease agreement with Washington Mutual Bank ("WaMu") for the lease of certain real property in Florence County, South Carolina. Subsequent to the execution of that lease, WaMu was declared a failed bank, and the FDIC was appointed as its receiver under FIRREA. On or about September 5, 2008, JPMorgan agreed to assume certain WaMu assets and liabilities from the FDIC pursuant to the PAA entered into by and among the FDIC as receiver, the FDIC in its corporate capacity, and JPMorgan.

Range Way initiated this action on June 4, 2009, against JPMorgan alleging that JPMorgan is currently the lessee under the original lease between Range Way and WaMu, and that JPMorgan is in default under the lease for failing to make the required lease payments. The FDIC sent a letter to Range Way repudiating the lease effective March 23, 2009. The Letter stated in part:

> Under the laws of the United States, the Receiver is charged with the duty of winding up the affairs of the Institution. In order to achieve this goal, the Receiver is given the right under 12 U.S.C. Section 1821(e) to disaffirm undertakings entered into by the Institution where it finds such undertakings to be burdensome and where such disaffirmance will promote the orderly administration of the Institution's affairs.

The letter also indicated that damages were limited and that failure to file a claim with the Receiver within 90 days of the date of the letter or the official "Bar Date", whichever is later, would result in disallowance of the claim, which would be final.[1]  The FDIC contends that it expressly repudiated the

---

[1]The FDIC requests the court take judicial notice of the letter pursuant to Federal Rule of Evidence 201. Range Way opposes this request on the grounds that the letter is not appropriate for judicial notice. However, Range Way does not dispute the authenticity of the letter. The court determines that it need not take judicial notice of the letter to consider it in addressing the FDIC's motion. The letter was incorporated by reference into JPMorgan's Answer [Doc. 5] and the FDIC's Answer and Counterclaims [Doc. 31], as well as attached as an exhibit to the FDIC's motion. Therefore, the letter is considered part of those pleadings and may be considered by the court in evaluating the FDIC's Motion to Dismiss. *See Sec'y. of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (noting that it is appropriate for a court to consider documents attached to a motion to dismiss, provided that the documents are integral to the complaint and authentic).

lease at issue pursuant to its powers under FIRREA and, further, that the lease between WaMu and Range Way was not one of the liabilities JPMorgan assumed under the PAA between the FDIC and JPMorgan.

After commencement of the action, the FDIC moved to intervene and was granted participation in this case by the Magistrate Judge on July 6, 2010. Shortly after intervening in the matter, the FDIC filed its current Motion to Dismiss.

**STANDARD OF REVIEW**

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, ---U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor.

3

*McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir.1996).  The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice.  *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

A motion to dismiss under Federal Rule of Civil Procedure 12(b) (1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction.  *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).   In evaluating a defendant's challenge to subject matter jurisdiction, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.*  The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citation omitted).

## DISCUSSION

### A.  Range Way's Standing to Assert This Action

The FDIC contends that Range Way's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Range Way is not in privity of contract with JPMorgan and, therefore, does not have standing to pursue this action.   To determine whether or not Range Way is in

privity of contract with JPMorgan, the court must first determine if the lease at issue was automatically assigned to JPMorgan under the PAA.

The PAA provided that JPMorgan would assume certain of WaMu's lease obligations including "Other Real Estate," but excluding "Bank Premises." Range Way contends that the property subject to the lease is not a "Bank Premises" and was therefore automatically assigned to JPMorgan under the PAA. However, the FDIC asserts that the lease constituted Bank Premises and was not automatically assigned to JPMorgan under the PAA.

The PAA defines "Bank Premises" as the

> banking houses, the drive-in banking facilities, and teller facilities (staffed or automated) together with appurtenant parking, storage and service facilities and structures connecting remote locations to banking houses, and land upon which the foregoing are located, that are owned or leased by [WAMU] and that are occupied by [WAMU] as of the Closing.

*See* PAA at Article 1. Under the PAA, JPMorgan was provided with a ninety (90)-day option to accept or reject a lease involving Bank Premises. *Id.* at § 4.6(a). Additionally, the PAA defines "Other Real Estate" as all interests in "real estate (other than Bank Premises and Fixtures), including but not limited to mineral rights, leasehold rights, condominium and cooperative interests, air rights and development rights that are owned by [WAMU]." *Id*. at Article 1. The PAA assigned all "Other Real Estate" to JPMorgan, without any option to reject. *Id*. at § 3.5; Schedule 3.5.

It is undisputed that JPMorgan and the FDIC considered the lease between WaMu and Range Way to be a "Bank Premises" lease, such that JPMorgan had a ninety (90)-day option to assume the lease. *See id.* § 4.6. However, Range Way and the FDIC disagree as to the classification of the lease and whether or not the definition of Bank Premises is ambiguous due to the use of the word "appurtenant." Specifically, the FDIC argues that there is no ambiguity and that "Bank Premises" clearly includes all records storage facilities belonging or related to "banking houses, the drive-in banking facilities, and

5

teller facilities," wherever located.  Range Way contends that the definition of Bank Premises only includes those storage facilities that are physically attached to "banking houses and drive-in banking facilities and teller facilities."

"A written contract must be read as a whole and every part interpreted with reference to the whole, with preference given to reasonable interpretations. Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. " *See Wapato Heritage, L.L.C. v. United States*, 637 F.3d 1033, 1039 (9th Cir. 2011). *Accord Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wash.2d 493, 503, 115 P.3d 262 (2005); and *Mayer v. Pierce Cnty. Med. Bureau, Inc.*, 80 Wash. App. 416, 909 P.2d 1323, 1326 (Ct. App. 1995).[2]

Range Way encourages the court to adopt a restrictive and narrow definition of appurtenant which would restrict the term "Bank Premises" to only those storage facilities which are physically attached to "banking houses and drive-in banking facilities and teller facilities."    However, this interpretation would unreasonably restrict the plain and ordinary meaning of appurtenant. Washington state courts have consistently defined appurtenant in broad terms.   The Supreme Court of Washington recently cited with approval several definitions broadly defining appurtenant as "annexed or belonging legally to some more important thing ... incident to and passing in possession with real estate...." and "[b]elonging to; accessory or incident to; adjunct, appended, or annexed to...."   *Viking Propa., Inc. v. Holm*, 155 Wash.2d 112, 124, 118 P.3d 322, 328  (2005) (citing *Webster's Third New International Dictionary of the English Language* 107 (2002) and *Black's Law Dictionary* 132 (3d ed.1933) respectively).  *See also Banning v. King Cnty.*, 99 Wash.App. 1027, 2000 WL 141283, at *12 (Ct. App.

---

[2]The PAA includes a governing law provision requiring construction of the agreement in accordance with federal law or, in the absence of controlling federal law, in accordance with "the laws of the state in which the main office of the failed bank is located."  *See* PAA §13.4.  WaMu headquarters were located in the state of Washington.

2000) (unpublished) (defining appurtenant "as an incidental property right or privilege belonging to a principal right and passing in possession with it, and as a subordinate part, adjunct or accessory" and as something which "stands in relation of and incident to a principal and is necessarily connected with the use and enjoyment of the latter") (citations omitted).  Federal courts have also embraced these broad definitions of appurtenant.  *See United States v. Fagan*, 577 F.3d 10, 13-14 (1st Cir. 2009) (finding that "structures have been deemed appurtenant to the premises specified in a search warrant, though not physically a part of those premises" and noting that a "typical dictionary definition of 'appurtenant' indicates that it means '[b]elonging as a property or legal right (to); spec. in *Law*, constituting a property or right subsidiary to one which is more important.'") (citations omitted); *Langhorne v. Fireman's Fund Ins. Co.*, 432 F. Supp. 2d 1274, 1281 n. 14 (N.D. Fla. 2006) (finding that a "thing is 'appurtenant' to something else when it is necessarily connected with its use and enjoyment; it is appurtenant to land when it is by right used with the land for its benefit.");  *In re Kerr*, 383 B.R. 337, 342 n.1 (N.D. Ohio 2008) ("An item is appurtenant to something else when it is necessarily connected with the use and enjoyment of the latter." Black's Law Dictionary 94 (5th ed.1979)); *Scott v. Comm'r of Internal Revenue*, 84 T.C. 683, 687 (T.C. 1985) (defining "'appurtenant' as '[b]elonging to; accessory or incident to.' Thus, one thing is appurtenant to another thing if it is directly related to the latter although not an essential part of it or not attached to it.").

Although Range Way has correctly identified one meaning of the word "appurtenant," it clearly asks this court to ignore the ordinary, usual, and popular meaning.  Taking into consideration the context in which the contract was made and reading the contract as a whole, the court determines that the intent of the parties to the PAA was to adopt a broad definition of appurtenant.  To adopt a stricter interpretation would neccessarily mean that the parties intended JPMorgan to automatically assume storage facilities that were related to and used for WaMu's banking houses even if JPMorgan decided

7

not to assume the banking house for which the storage facility was used. Accordingly, the court finds that "Bank Premises" as used in the PAA is not ambiguous and includes any records storage facility, wherever located, so long as it is incident to or related to the "banking houses, the drive-in banking facilities, and teller facilities."

Under the lease between Range Way and WaMu, the leased property required WaMu to use the property "solely for records storage, office uses associated therewith, and related uses, and shall not include any use that would cause the Premises to be a 'place of public accommodation' under the Americans with Disabilities Act of 1990." Lease at ¶ 1, p. 2. None of the parties assert that the leased property was used for any purpose inconsistent with the lease or that the storage facility was unrelated to WaMu's operation of a banking house. Therefore, the lease constituted a Bank Premises lease and JPMorgan retained the option to assume or reject the lease.

Because Range Way has not demonstrated any privity of contract, it does not have standing to assert this suit against JPMorgan.[3] Accordingly, Range Way cannot plead facts that would entitle it to the relief sought in the Complaint and dismissal is appropriate.

**B. Dismissal for Failure to Exhaust the Remedies Provided by FIRREA**

The FDIC further argues that Range Way's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction based on Range Way's failure to exhaust the receivership claims process provided by FIRREA.

FIRREA provides for an administrative claims process for claims against the assets of failed banks held by the FDIC as receiver. *See Freeman v. F.D.I.C.*, 56 F.3d 1394, 1399 (D.C. Cir. 1995); 12

_____

[3]Range Way also asserts that it is a third-party beneficiary of the PAA. This assertion is not supported by fact or law. Generally, third-party beneficiary status is exceptional and should not be granted absent any intention of the parties to create such status in the contract. *See Trimble Navigation Ltd.*, 484 F.3d at 706; *Comer v. Micor, Inc.*, 436 F.3d 1098, 1102 (9th Cir. 2006). The PAA expressly disclaims the creation of any third-party rights. *See* PAA § 13.5.

U.S.C. § 1821(d)(3)-(13). The statute authorizes the FDIC to determine such claims under a process established by the statute and relevant agency regulations.  *See Freeman*, 56 F.3d at 1399 (citations omitted).  The statute further sets forth limitation periods in which such a claim must be asserted to and decided by the FDIC.  *See* 12 U.S.C. §§ 1821(d)(3)(B), (d)(3)(C), and  (d)(5)(A).

Under § 1821(d)(6), both the United States District Court for the District of Columbia and the district court for the district where the financial institution has its principal place of business have jurisdiction to review *de novo* claims filed with, and processed by, the FDIC under its administrative claims process. *See Freeman*, 56 F.3d at 1399.  Otherwise, FIRREA limits the court's jurisdiction to hear any "claim or action for payment from" or "action seeking a determination of rights with respect to" any "asset" of a failed bank for which the FDIC is receiver. 12 U.S.C. § 1821(d)(13)(D). Therefore, it is mandatory that "anyone bringing a claim against or seeking a determination of rights with respect to the assets of a failed bank held by the FDIC as receiver must first exhaust administrative remedies by filing an administrative claim under the FDIC's administrative claims process." *Freeman*, 56 F.3d at 1399; *accord Brady Dev. Co. v. Resolution Trust Corp.*, 14 F.3d 998, 1003 (4th Cir.1994).

As discussed above, the lease at issue was a Bank Premises lease under the PAA.  Therefore, any claim related to the FDIC's repudiation of the lease involves a determination of rights with respect to assets of a failed banking institution under a receivership of the FDIC.  Consequently, Range Way was required to file a receivership claim with the FDIC and to exhaust the receivership claims process before bringing suit in the circumstances presented in this case.  Range Way does not dispute that it did not file such a claim or exhaust its administrative remedies.  Accordingly, the court finds it appropriate to dismiss Range Way's Complaint for failure to comply with FIRREA.

## CONCLUSION

For the foregoing reasons, Defendant Federal Deposit Insurance Corporation's Motion to Dismiss

9

for Lack of Jurisdiction [Doc. 42] is **GRANTED**. As a result of the court's ruling herein, Plaintiff 1500 Range

Way Partners, LLC's Motion to Compel [Doc. 41] and Motion for Summary Judgment [Doc. 51] are

**DISMISSED** with prejudice.  Further, Defendant JPMorgan Chase Bank, National Association's Motion for

Summary Judgment [Doc. 52] is **DISMISSED** as moot.

     **IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

July 8, 2011
Greenville, South Carolina